# The Atkin Firm, LLC
Attorneys at Law

55 Madison Avenue, Suite 400
Morristown, NJ 07960

400 Rella Boulevard, Suite 165
Suffern, NY 10901

By: John C. Atkin, Esq.*
   ---
* Member of NJ, NY, and PA Bar

Tel: (973) 314-8010
Fax: (833) 693-1201
Email: JAtkin@atkinfirm.com

November 24, 2021

**VIA ECF**

The Honorable Sanket J. Bulsara, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

      Re:    Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 72.69.241.154
             **Dkt. No. 1:21-cv-05561-EK-SJB**

Judge Bulsara:

      As you know, I represent Plaintiff in the above-captioned matter. Plaintiff respectfully requests entry of an order staying all deadlines in this matter until the Court issues a decision on its October 8, 2021 Order to Show Cause.

      By way of background, this is a BitTorrent copyright infringement suit in which Defendant is known to Plaintiff only by the IP address used to commit the infringement. "In cases involving as-yet-unknown defendants, in which the plaintiff cannot serve its complaint—much less confer with the defendant—without obtaining identifying information from a third party, 'the *only* potential avenue for discovery is a court order under Rule 26(d)(1).'" *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020) (internal brackets and citations omitted) (emphasis added). "Identifying the infringer, so that the civil case may proceed, is essential for Strike 3 to vindicate its rights and thwart the large-scale piracy of its films." *Strike 3 Holdings, LLC v. Doe*, No. 20-3040, 2021 WL 3021459, at *4 (D.D.C. July 16, 2021); *Malibu Media, LLC v. John Does 1-15*, No. 12-2077, 2012 WL 3089383, *8 (E.D. Pa. July 30, 2012); *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004).

      Ordinarily, Plaintiff would promptly file a motion seeking leave to conduct limited early discovery, pursuant to Rule 26(d)(1). However, on October 8, 2021, the Court issued Orders to Show Cause in this matter (and four others) that questioned whether Plaintiff's claim should be dismissed based on the evidentiary finding made in *Strike 3 Holdings, LLC v. Doe*, No. 17-1731,

1

The Honorable Sanket J. Bulsara
November 24, 2021

2020 WL 531996, *5 (W.D. Wash. Feb. 3, 2020), *aff'd on other grounds*, 849 Fed. Appx. 183 (9th Cir. 2021) ("Washington Decision").

On October 18, 2021, Plaintiff provided its response to those Orders to Show Cause, explaining, among other things, that those other matters should not be dismissed because (1) the evidentiary finding made by the Washington Decision was a mistake based on arguably ambiguous language in Plaintiff's submissions in that matter; (2) Plaintiff has implemented a new infringement detection system; and (3) Plaintiff revised its pleadings and declarations to resolve this issue and ensure that future courts do not make the same mistake as occurred in the Washington decision.  D.E. 9.  To date the Court has not yet issued a decision discharging the Orders to Show Cause.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

> The factors usually applied by courts in this Circuit when deciding a motion to stay a civil action are: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*U.S. v. Town of Oyster Bay*, 66 F. Supp. 3d 285, 289 (E.D.N.Y. 2014) (citation and internal quotation marks omitted).

With respect to the First Factor, Plaintiff has an interest in this matter preceding expeditiously and will be prejudiced by delay, since (absent the injunction sought in this suit) nothing is preventing the defendant from continuing to infringe on Plaintiff's copyright works, and with each passing day the risk of evidence being lost increases.  *See Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995); *State of Conn. ex rel. Blumenthal v. BPS Petroleum Distributors, Inc.*, No. 92-173, 1991 WL 177657, at *2 (D. Conn. July 16, 1991).  However, while this factor would ordinarily weigh against a stay, it is neutral here given that Plaintiff is the party requesting the stay.

The Second and Fourth Factors are linked here since the defendant is not yet a party to this litigation.  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.").  The defendant/infringer may benefit from this stay in the event the Court rules against Plaintiff on the Order to Show Cause, and will, at worst, be equally prejudiced as Plaintiff by the potential loss of evidence resulting from delay.

The Honorable Sanket J. Bulsara
November 24, 2021

   Finally, with respect to the Third and Fifth Factors, the interest of the court and public would be served by a stay since there is a "strong public interest in avoiding time-consuming and unnecessary duplicative litigation." *Trikona Advisors Ltd. v. Kai-Lin Chuang*, No. 12-3886, 2013 WL 1182960, at *1 (E.D.N.Y. Mar. 20, 2013) (citation omitted).

   For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order staying all deadlines in this matter, including Plaintiff's deadline to effect service of process pursuant to Rule 4(m).

   Thank you for your attention to this matter.

                  Respectfully Submitted,

                  */s/ John C. Atkin*

                  John C. Atkin, Esq.